UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANTOS RAMOS RODRIGUEZ, | : | **CASE NO. 1:12-CV-00393** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Smyser) |
| YORK COUNTY COURT OF COMMON PLEAS JUDGE JOHN H. CHRONISTER, *et al.*, | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

In this case, the prisoner plaintiff is seeking relief under 42 U.S.C. § 1983. For the following reasons, we recommend that the majority of his claims be dismissed. We recommend that the claims against the Department of Corrections defendants be transferred to the United States District Court for the Western District of Pennsylvania.

I. Background and Procedural History.

On March 3, 2012, the plaintiff, a state prisoner proceeding *pro se*, commenced this action by filing a complaint. After the plaintiff filed the proper *in form pauperis* forms, the case was forwarded to the undersigned.

The plaintiff names the following individuals as defendants: 1) Judge John H. Chronister; 2) Judge John S. Kennedy; 3) District Attorney Neiderhiser; 4) Assistant District Attorney Dubbas; 5) Clerk of Court O'Shell; 6) Trooper Keppel; 7) Judith Vigleone, a director of records with the Pennsylvania Department of Corrections; 8) Michael Harlow, the Warden of the State Correctional Institution at Albion; 9) Cheryl Gill, a records supervisor at SCI-Albion; 10) Sandra Gorniak, an accountant at SCI-Albion; and 11) the Commonwealth of Pennsylvania.

The plaintiff alleges that in August of 2006, Judge Chronister sentenced him to term of imprisonment of 30 years

2

and a fine of $190,000.  He alleges that the fine was paid in full, but the judge refused to release him.  In December of 2006, defendant O'Shell, the Clerk of Courts of the York County Court of Common Pleas, executed paperwork for collection of the fine.  In December of 2006, the plaintiff was sent to the State Correctional Institution at Albion, and from December of 2006 to the present the Pennsylvania Department of Corrections has been collecting money from his institutional account toward the $190,000 fine.  The plaintiff alleges that in November of 2007, Judge Kennedy, Assistant District Attorney Dubbs, and Pennsylvania State Police Trooper Keppel executed a second prosecution of him seeking forfeiture of $190,000.

The plaintiff claims that he has been prosecuted in violation of the Double Jeopardy Clause, that he been denied due process and equal protection of the law, and that his

Fourth Amendment and Eighth Amendment rights have been violated. He is seeking monetary damages.[1]

II. Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But more is required than labels,

---

1. The claims in this case overlap with claims in another case filed by the plaintiff - *Rodriguez v. Chronister,* 1:11-CV-02267 (M.D.Pa.). In that case, the plaintiff presented habeas corpus and mandamus claims as well as Section 1983 claims. In that case, we recommended that the mandamus and habeas corpus claims be dismissed as well as the majority of the Section 1983 claims. We recommended that the due process claims against the defendants at SCI-Albion be transferred to the United States District Court for the Western District of Pennsylvania. In this case, the plaintiff states that he is seeking monetary damages and that he is seeking discharge from detention in connection with 1:11-CV-02267.

4

conclusions, and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility

5

that a defendant has acted unlawfully." *Id.* But "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011). Rule 8(a)(2) "requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.* The factual detail necessary to satisfy the standard will vary depending on the case. *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

6

>    **(a) Screening**.- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>    **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>        (2) seeks monetary relief from a defendant who is immune from such relief.

This is a 42 U.S.C. § 1983 case. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state

7

law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

The plaintiff's claims against the Commonwealth of Pennsylvania are barred by the Eleventh Amendment.

In the absence of consent, a suit in federal court against the state or one of its agencies is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)(per curiam). But a state may waive its Eleventh Amendment immunity by consenting to suit, and Congress may abrogate States' Eleventh Amendment immunity when it unequivocally intends to do so and it acts pursuant to a valid grant of constitutional authority. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999).

The Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity, *see* 42 P.C.S.A. § 8521(b), and 42 U.S.C. § 1983 does not override a state's Eleventh Amendment

8

immunity. *Quern v. Jordan*, 440 U.S. 332 (1979). Accordingly, the plaintiff's claims against the Commonwealth of Pennsylvania are barred by the Eleventh Amendment.

The plaintiff's claims regarding his criminal judgment are barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477, 486-87 (1994)(footnote omitted). Even if a plaintiff has exhausted available state remedies, he has no cause of action under § 1983 unless and until the conviction or sentence is reversed,

9

expunged, invalidated, or impugned by the granting of a writ of habeas corpus. *Id*. at 489. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005).

To succeed on his claims regarding his criminal judgment, the plaintiff would need to show that his criminal judgment is void. Therefore, his claims are not cognizable under 42 U.S.C. § 1983 unless or until that judgment has been set aside. As is apparent from the plaintiff's complaint, the criminal judgment has not been set aside. And so the plaintiff's claims are barred by *Heck*.

The plaintiff's claims for damages against defendants Chronister and Kennedy are barred by judicial immunity. *See Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d. 2000)("The Supreme Court long has recognized that judges are

10

immune from suit under section 1983 for monetary damages arising from their judicial acts.").

Further, the majority of the plaintiff's claims are barred by the statute of limitations.

"Actions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued." *O'Connor v. City of Newark,* 440 F.3d 125, 126 (3d Cir. 2006). The Pennsylvania statute of limitations for personal injury actions is two years. *Garvin v. City of Philadelphia,* 354 F.3d 215, 220 (3d Cir. 2003). A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which his action is based. *Sameric Corp. v. City of Philadelphia,* 142 F.3d 582, 599 (3d Cir. 1998).

The majority of the plaintiff's claims accrued in 2006 and 2007, and the statute of limitations has run on those claims.

11

That leaves the claims against the Department of Corrections defendants based on the continued deductions from his prison account. In the plaintiff's other case - *Rodriguez v. Chronister,* 1:11-CV-02267 (M.D.Pa.) - the plaintiff presented the same due process claims. We recommended in that case that those claims be transferred to the United States District Court of the Western District of Pennsylvania since venue for those claims is proper in that court rather than in this court. We will make the same recommendation in this case.

V. Recommendations.

Based on the foregoing, it is recommended that all of the plaintiff's 42 U.S.C. § 1983 claims be dismissed except the claims against the Department of Corrections defendants based on the deduction of funds from the plaintiff's prison account at SCI-Albion. It is further recommended that those claims be

transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406.

                                              ***/s/ J. Andrew Smyser***
                                              J. Andrew Smyser
                                              Magistrate Judge

Dated: May 2, 2012.